Filed 11/17/22  P. v. Heinrichs CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES HEINRICHS,<br><br>    Defendant and Appellant. | 2d Crim. No. B315645<br>(Super. Ct. No. 21F-00822)<br>(San Luis Obispo County) |

James Heinrichs appeals from the judgment after the trial court's denial of his motion to suppress evidence seized during a traffic stop.  He contends the police unconstitutionally prolonged the traffic stop beyond the time in which a reasonably diligent officer would have completed the mission of the stop.  We conclude the police did not unduly prolong the stop.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On February 11, 2021, at approximately 9:50 a.m., Officer Christopher Siglin of the Pismo Beach Police Department observed Heinrichs's vehicle leaving the parking lot of a motel known for "significant . . . narcotics activity."  The officer followed

Heinrichs, who was exceeding the posted speed limit. Heinrichs's vehicle also had a malfunctioning center brake light. Siglin initiated a traffic stop based on those violations.

After contacting Heinrichs, Siglin relayed Heinrichs's driver's license information to dispatch to "[c]heck his license status" and to check for any warrants or probation referrals. While waiting for a response, the officer observed closed containers of "Smirnoff Ice" on the front passenger seat and noted that Heinrichs's "eyes were glassy." After confirming Heinrichs was not intoxicated, Siglin asked him whether he was caught up on his tickets and if he had missed any court hearings. Heinrichs admitted he had been arrested in September 2020 for narcotics possession and had missed a court hearing in that matter, but reported his attorney had appeared for him.

Thereafter, a dispatch officer informed Siglin that Heinrichs had no warrants or probation referrals. The trial court determined that within 45 seconds of the receipt of that information, the officer asked Heinrichs whether he had anything in the vehicle the officer should know about, such as narcotics or drug paraphernalia.

Our review of Officer Siglin's body camera video reveals a much shorter time frame. After speaking with the dispatch officer, Siglin said "10-4," turned to Heinrichs and asked whether he had any narcotics or drug paraphernalia in his car. The inquiry took two seconds. Heinrichs immediately admitted there "might be a pipe or two in there."

After Siglin requested an assisting police unit, Heinrichs admitted he also had narcotics in the vehicle. A subsequent search of the vehicle revealed methamphetamine.

An information charged Heinrichs with possession for sale of a controlled substance (Health & Saf. Code, § 11378) and transportation of a controlled substance (*id.* § 11379, subd. (a).)

2

It was further alleged that Heinrichs was released on bail in two other cases (Pen. Code, § 12022.1) and had a prior strike conviction (*id.,* §§ 667, subds. (d) & (e), 1170.12, subds. (b) & (c).)

Defense counsel moved to suppress the evidence seized during the traffic stop search. (Pen. Code, § 1538.5.) Officer Siglin testified as the sole witness. Videos from the officer's dash and body cameras were admitted. Siglin testified that as soon as dispatch confirmed there were no pending warrants or probation referrals, he "was going to cite [Heinrichs] for the . . . equipment violation, but because [Heinrichs] had mentioned the prior arrest for a possession of narcotics, I figured I'd ask him really quick if there was anything illegal inside the car."

The trial court denied the motion to suppress, finding that Siglin properly stopped Heinrichs for motor vehicle infractions and that the traffic stop was not unduly prolonged.

Heinrichs pled no contest to transporting a controlled substance and admitted the prior strike violation. The trial court sentenced Heinrichs to the middle term of three years, doubled to six years for the prior strike.

DISCUSSION

*Standard of Review*

"In ruling on a motion to suppress, the trial court must find the historical facts, select the rule of law, and apply it to the facts in order to determine whether the law as applied has been violated. [Citation.] We review the court's resolution of the factual inquiry under the deferential substantial evidence standard. The ruling on whether the applicable law applies to the facts is a mixed question of law and fact that is subject to independent review. [Citation.]" (*People v. Ramos* (2004) 34 Cal.4th 494, 505.)

3

*Substantial Evidence Supports the Trial Court's*
*Denial of Heinrichs's Motion to Suppress*

The Fourth Amendment's proscription on unreasonable searches and seizures requires that an arrest be based on probable cause to believe a crime has been committed (*People v. Celis* (2004) 33 Cal.4th 667, 673), while a detention may be based on a reasonable suspicion of criminal activity. (*Id.* at p. 674.) A traffic stop based on a suspicion that the driver has committed a traffic infraction is an example of a brief investigatory detention, permissible to determine whether a crime has been committed. But an investigatory traffic stop must remain a relatively brief encounter. Absent indications of criminal activity beyond the initially observed infraction, officers may not extend a stop's duration beyond the time necessary to address the traffic violation and attend to officer safety concerns. (*Rodriguez v. United States* (2015) 575 U.S. 348, 354 [191 L.Ed.2d 492].)

During a stop, an officer is allowed to inquire into matters unrelated to the suspected traffic violation. (*Arizona v. Johnson* (2009) 555 U.S. 323, 333 [172 L.Ed.2d 694].) However, if those inquiries "measurably extend the duration of the stop," it may become an unconstitutional seizure. (*Ibid.*)

The trial court found that "when . . . Officer Siglin asked Mr. Heinrichs if he had any paraphernalia or illegal objects on him, there had been a passage of a total of I believe 45 seconds from when he received [the dispatch] information. I can't find that that's unreasonably prolonged. The officer has the right to ask that question. Mr. Heinrichs answered that question, and that, from that point forward, gave the officer further reason to go forward. In fact, it was less than another, I believe 40, 45 seconds before Mr. Heinrichs acknowledged that he actually had the drugs in the car. So I don't believe the stop was unduly prolonged."

4

We agree with Heinrichs that Officer Siglin's question regarding whether he had any paraphernalia or illegal objects in the vehicle was unrelated to the issuance of a citation for the traffic infractions. But we cannot agree that the record shows that the question measurably extended the traffic stop's duration. It is undisputed the police were entitled to wait until dispatch advised whether Heinrichs had any warrants or probation referrals.

Officer Siglin's body camera video confirms that his inquiry to Heinrichs occurred in even less than the 45 seconds found by the trial court. Siglin concluded his transmission with dispatch, turned to Heinrich and asked him whether he had any paraphernalia or illegal objects. Heinrichs admitted to having "a pipe or two." The exchange took only a few seconds. Such a brief continued detention beyond the period needed to check for warrants and probation was not unreasonable.

DISPOSITION

The order denying the motion to suppress evidence is affirmed.

NOT TO BE PUBLISHED.

CODY, J.*

We concur:

YEGAN, Acting P.J.            BALTODANO, J.

---

* Judge of the Ventura Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California constitution.

5

Timothy S. Covello, Judge
Dodie A. Harman, Judge
Superior Court County of San Luis Obispo

_____


Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Nima Razfar, Deputy Attorney General, for Plaintiff and Respondent.